UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| BOBBY DAVIS | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:07-cv-280 |
| | ) | Jordan |
| HOWARD CARLTON, Warden | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and Order upon the respondent and the Attorney General for The State of Tennessee. However, for the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition at this time, and the petitioner is **ORDERED** to **SHOW CAUSE** why his petition should not be dismissed as time-barred.

Petitioner challenges his 1991 Blount County convictions for aggravated rape and aggravated robbery. The convictions were affirmed on direct appeal in 1993. *State v. Davis*, 872 S.W. 2d 950 (Tenn. Crim. App. 1993), *perm. app. denied, id.* (Tenn. September 7, 1993). Petitioner filed a petition for post-conviction relief on May 23, 1996, which was dismissed as untimely in 2005; the Tennessee Court of Criminal Appeals affirmed the dismissal of the post-conviction petition as time-barred. *Davis v. State*, 2006 WL 2684820 (Tenn. Crim. App. 2006), *perm. app. denied, id.* (Tenn. January 29, 2007). Petitioner filed the pending petition for the writ of habeas corpus on April 20, 2007.[1]

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

---

[1] The petition was received by the Clerk's Office on May 3, 2007. However, the envelope bears a prison mail room stamp of April 30, 2007. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

2

Petitioner's judgment of conviction became final in 1993, when the Tennessee Supreme Court denied his application for permission to appeal. Since petitioner's state post-conviction petition was dismissed as untimely, it was not a "properly filed" petition and thus could not extend the time for filing a habeas corpus petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Accordingly, petitioner is **ORDERED** to **SHOW CAUSE**, within twenty (20) days of the date of this Memorandum and Order, why his habeas corpus petition should not be dismissed as time-barred. *See Day v. McDonough*, 126 S. Ct. 1675 (2006) (a district court may *sua sponte* dismiss a habeas corpus petition as untimely, after giving the petitioner an opportunity to show cause why the case should not be dismissed as time-barred).

**E N T E R:**

s/ Leon Jordan
United States District Judge