UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

BOBBY DAVIS )
)
   *Petitioner*, )
)
v. ) No. 3:07-cv-280
) *Jordan*
HOWARD CARLTON, Warden )
)
   *Respondent*. )

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which petitioner Bobby A. Davis ("Davis") challenges his 1991 Blount County convictions for aggravated rape and aggravated robbery.[1] The court ordered Davis to show cause why his petition should not be dismissed as time-barred. Davis has now filed his response to the show cause order. For the following reasons, the court finds that Davis' habeas corpus petition is time-barred and thus it will be **DISMISSED**.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of

---

[1] In a related case, and as a result of the same incident which gave rise to their state court convictions, Davis and co-defendant Rodney Tipton were convicted in this court of kidnapping and transporting the victim across state lines, and using a firearm during a crime of violence. The convictions were affirmed on appeal. *United States v. Tipton*, 11 F.3d 602 (6th Cir. 1993).

conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Davis' convictions were affirmed on direct appeal in 1993. *State v. Davis*, 872 S.W. 2d 950 (Tenn. Crim. App. 1993), *perm. app. denied, id.* (Tenn. September 7, 1993). Davis filed a petition for post-conviction relief on May 23, 1996, which was dismissed as untimely in 2005; the Tennessee Court of Criminal Appeals affirmed the dismissal of the post-conviction petition as time-barred. *Davis v. State*, 2006 WL 2684820 (Tenn. Crim. App. 2006), *perm. app. denied, id.* (Tenn. January 29, 2007). Petitioner filed the pending petition for the writ of habeas corpus on April 23, 2007.[2]

Davis' judgment of conviction became final in 1993, when the Tennessee Supreme Court denied his application for permission to appeal. Since his state post-conviction petition was dismissed as untimely, it was not a "properly filed" petition and thus could not extend the time for filing a habeas corpus petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). For that reason, Davis was ordered to show cause why his habeas corpus petition should not be dismissed as time-barred. *See Day v. McDonough*, 126 S. Ct. 1675 (2006) (a district court may *sua sponte* dismiss a habeas corpus petition as untimely, after

---

[2]The petition was received by the Clerk's Office on April 26, 2007. However, the envelope bears a prison mail room stamp of April 23, 2007. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

giving the petitioner an opportunity to show cause why the case should not be dismissed as time-barred).

In response to the show cause order, Davis first argues that his state post-conviction petition was timely filed and should not have been dismissed by the state court as time-barred. The determination by the Tennessee state courts that the state post-conviction petition was untimely, however, is binding on this court. *See, e.g., Vroman v. Brigano*, 346 F.3d 598, 604 (6th. Cir. 2003).

Davis also claims that the one-year statute of limitation is unconstitutional as applied to his conviction because his conviction occurred before the statute's enactment. Because the courts have applied a grace period of one year after enactment of the statute of limitation, however, the statute has been held constitutional as applied to convictions that accrued before the statute's enactment. *See, e.g., Cook v. Stegall*, 295 F.3d 517, 520 (6th Cir. 2002).

Finally, Davis claims his habeas corpus petition should be allowed under the doctrine of equitable tolling. The Sixth Circuit has found that the AEDPA's one-year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. at 1008.

Davis has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Davis claims he is entitled to equitable tolling because of a change in state law that affected his rights.

On September 7, 1993, when the Tennessee Supreme Court denied Davis' application for permission to appeal on direct appeal, the statute of limitation for filing a state petition for post-conviction relief was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). Thus, at the time, Davis had until September 7, 1996, to file his post-conviction petition.

In 1995, the Tennessee legislature changed the law to provide a one-year statute of limitation for seeking post-conviction relief. Tenn. Code Ann. § 40-30-202 (May 10, 1995) (now codified at 40-30-102(a)). There was a one-year grace period for defendants such as Davis, whose three-year limitation period under the old law had not expired but whose one-year limitation period under the new law had expired. *See Carter v. State*, 952 S.W. 2d 417, 420 (Tenn. 1997). Davis therefore had until May 10, 1996, to file a timely petition for post-conviction relief.

Davis filed his post-conviction petition on May 23, 1996, thirteen days late, and the state courts found it was time-barred. Davis argues in this court that he has diligently

4

pursued his rights, but that the State's adoption of a one-year statute of limitation, in place of a three-year statute of limitation, constituted an extraordinary circumstance that prevented him from doing so.  Davis does not state, however, that he was unaware of the change in the statute of limitation nor why his petition for post-conviction relief was thirteen days late.  Under the circumstances, the court finds that Davis is not entitled to equitable tolling.

Davis' petition for the writ of habeas corpus is barred by the statute of limitation, and he is not entitled to relief under the doctrine of equitable tolling.  Since it plainly appears from the face of the petition that Davis is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**.  Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.  A certificate of appealability **SHALL NOT ISSUE** in this action.  28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure.  The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** Davis leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate.

**AN APPROPRIATE ORDER WILL ENTER.**

   s/ Leon Jordan   
United States District Judge
